UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OMAR ABRAMS,

                               Plaintiff,
                                                                              6:12-CV-1701
v.                                                                           (GTS/TWD)

SEARS ROEBUCK AND CO.,
JOHN DOE ERIC (STORE MANAGER),

                               Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

OMAR ABRAMS
Plaintiff *pro se*
1011 Seymour Avenue
Utica, New York 13501

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that the Court dismiss Plaintiff's complaint with leave to amend as to Defendant Sears Roebuck and Co. and without leave to amend as to Defendant "Eric (Store Manager)."

**I.    ALLEGATIONS OF THE COMPLAINT**

Plaintiff was arrested on November 16, 2011.[1] (Dkt. No. 1 at 3.) At the time of his

---

[1] Plaintiff does not specify the offense for which he was arrested and ultimately convicted. He describes it generally as "a conviction of noncriminal offense (violation)." (Dkt. No. 1 at 3.)

arrest, Plaintiff was employed by Defendant Sears Roebuck and Co. *Id*. His mugshot was posted to Facebook, a social networking website. *Id*. As a result, his work coordinator learned about Plaintiff's arrest and reported the event to Plaintiff's store manager. (Dkt. No. 1 at 3.)

When Plaintiff arrived at work the following day he was confronted by the store manager. *Id*. The store manager asked Plaintiff to explain his arrest and to produce the original police report. *Id*. Plaintiff told the store manager that the original police report was not available to the public. (Dkt. No. 1 at 3.) On two separate occasions, Plaintiff told the store manager that he was unable to obtain the original police record. *Id*. The first was before his arraignment, while the charges were pending. *Id*. The second was after his arrest resulted in a conviction. *Id*.

Plaintiff continued to work at Sears for two months after his conviction. *Id*. During that time, Plaintiff produced a receipt to verify that he paid the fine resulting from his conviction. *Id*. Plaintiff believed that his employer could legally question him regarding his arrest and had the right to terminate his employment between the time he was arrested and was convicted. (Dkt. No. 1 at 3.) Plaintiff believed, however, that his employer could not legally terminate him after his conviction became final. *Id*. Plaintiff alleges that he was terminated two months after his conviction. *Id*.

Plaintiff filed his complaint in this Court on November 13, 2012. (Dkt. No. 1.) Plaintiff purports to proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5 ("Title VII"). *Id*. at 1.

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action.

28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

### III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

3

complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

### A. Claims Against "Eric (Store Manager)"

Plaintiff has named "Eric (Store Manager)" as a Defendant in this Title VII action. (Dkt. No. 1 at 1.) Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2003). It is well-established that "individuals are not subject to liability" under Title VII. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Thus, "Eric (Store Manager)," as an individual, is not a proper defendant in this Title VII wrongful termination case. Therefore, I recommend that the Court dismiss the claims against "Eric (Store Manager)."

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

4

dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted). Here, better pleading would not cure the defect with Plaintiff's claim against the individual defendant. Therefore, I recommend that the Court dismiss this claim without leave to amend.

### B. Claims Against Sears Roebuck and Co.

The traditional American common-law rule presumes that "employment for an indefinite or unspecified term is at will and may be freely terminated by either party at any time without cause or notice." *Horn v. N.Y. Times*, 790 N.E.2d 753, 755 (N.Y. 2003) (quoting *Martin v. New York Life Ins. Co.*, 42 N.E.416, 417 (N.Y. 1895)). Absent a violation of a constitutional requirement, statute or contract, "an employer's right at any time to terminate an employment at-will remains unimpaired." *Sullivan v. Harnisch*, 969 N.E.2d 758, 760 (N.Y. 2012) (citing *Murphy v. Am. Home. Prods. Co.*, 448 N.E.2d 86 (N.Y. 1982)).

Plaintiff alleges that Defendant Sears Roebuck and Co. violated a federal statute, Title VII, when it terminated his employment. (Dkt. No. 1 at 1.) Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discharge any individual . . . because of such individual's *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2(a) (2003) (emphasis added). Plaintiff claims he was discriminated against because of his arrest record. (Dkt. No. 1 at 3.) He does not allege that he was discriminated against on the basis of any of the grounds protected by Title VII. Therefore, I recommend that the Court dismiss Plaintiff's claim

against Defendant Sears Roebuck and Co. with leave to amend to allege discrimination on the basis of a ground protected by Title VII.

Although Plaintiff has not raised a federal claim, I note that discrimination on the basis of criminal convictions is prohibited by New York's Human Rights Law. N.Y. Correct. Law § 752 (McKinney 2003). However, this Court does not have jurisdiction over claims brought under New York's Human Rights Law in the absence of diversity jurisdiction or supplemental jurisdiction. Diversity jurisdiction is proper where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. 1332 (2003). Here, the Court does not have diversity jurisdiction because Plaintiff and Defendants are citizens of the same state. (Dkt. No. 1-1.) Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim because there is no surviving federal claim. 28 U.S.C. § 1367(c) (2003); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (vacating dismissal of state law claims against a defendant where federal claim remained against other defendants). Therefore, this Court does not have jurisdiction over Plaintiff's state law claim.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed with leave to amend as to Defendant Sears Roebuck and Co. and without leave to amend as to Defendant "Eric (Store Manager);" and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on

Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 4, 2013
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge