UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

OMAR ABRAMS,
                          Plaintiff,

                                                                                             6:12-CV-1701
v.                                                                                             (GTS/TWD)

SEARS ROEBUCK AND CO., and
JOHN DOE, Eric (Store Manager),
                          Defendants.
────────────────────────────────────────────

APPEARANCES:                                         OF COUNSEL:

OMAR ABRAMS
  Plaintiff, *Pro Se*
1011 Seymour Avenue
Utica, New York 13501

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Title VII employment civil rights action filed *pro se* by Omar Abrams ("Plaintiff") against the above-captioned company and individual ("Defendants") arising from Defendants' termination of Plaintiff's employment following his criminal conviction for an unspecified offense, is United States Magistrate Judge Therese Wiley Dancks' Report-Recommendation recommending that (1) Plaintiff's claims against Defendant "Eric (Store Manager)" be *sua sponte* dismissed without prior leave to amend pursuant to 28 U.S.C. § 1915 because individuals are not subject to liability under Title VII, (2) Plaintiff's claims against Defendant Sears Roebuck and Company be *sua sponte* dismissed with prior leave to amend pursuant to 28 U.S.C. § 1915, because it is appears that, through better pleading, Plaintiff might be able to correct the pleading deficiencies in those claims, and (3) the Court decline to exercise supplemental jurisdiction over Plaintiff's (implicit) Human Rights Law claim should the Court

come to dismiss his amended Title VII claim against Defendant Sears and Roebuck and Company. (Dkt. No. 4.)

On January 14, 2013, Plaintiff filed a one-paragraph Objection to Magistrate Judge Dancks' Report-Recommendation. (Dkt. No. 5.) Liberally construed, Plaintiff's Objection requests leave to amend his Complaint to (1) add new factual allegations and exhibits to substantiate his Title VII claim against Defendant Sears Roebuck and Company, and (2) expressly assert a supplemental state law claim under New York's Human Rights Law (specifically, N.Y. Corr. Law § 752). (*Id*.)

Because Plaintiff has offered no specific challenge to the Report-Recommendation, the Court subjects the Report-Recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983). After carefully reviewing all of the papers in this action, including Magistrate Judge Dancks' Report-Recommendation and Plaintiff's Objections thereto, the Court concludes that Magistrate Judge Dancks' Report-Recommendation is correct in all respects. (Dkt. No. 4.) Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) <u>As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein</u>. (*Id*.)

The Court would add only four brief points. First, Plaintiff's Amended Complaint must be filed within thirty (30) days of the date of this Decision and Order. If it is not so filed, his entire action will be dismissed. Second, in his Amended Complaint, Plaintiff may not incorporate by reference any portion of his original Complaint. Third, in his Amended Complaint, Plaintiff may not re-assert his dismissed Title VII claim against Defendant "Eric (Store Manager)." Fourth, and finally, in his Amended Complaint, Plaintiff may indeed (1) add new factual allegations and exhibits to substantiate his Title VII claim against Defendant Sears

Roebuck and Company, and (2) expressly assert a supplemental state law claim under New York's Human Rights Law (specifically, N.Y. Corr. Law § 752).  However, Plaintiff is advised that, if the Court comes to dismiss his amended Title VII claim against Defendant Sears Roebuck and Company, then the Court will decline to exercise supplemental jurisdiction over Plaintiff's Human Rights Law claim.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendant "Eric (Store Manager)" (Dkt. No. 1) are *sua sponte* **DISMISSED** without leave to amend as to pursuant to 28 U.S.C. § 1915 ; and it is further

**ORDERED** that the remainder of Plaintiff's Complaint (Dkt. No. 1) shall be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915 without further Order of this Court, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff submits an Amended Complaint that complies with Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4), as well as this Decision and Order.

In the event that Plaintiff files an Amended Complaint within thirty (30) days of the date of this Decision and Order, the Clerk of the Court is directed to return the file to the Magistrate Judge for further review.

Dated: February 14, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge