UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

OMAR ABRAMS,

                              Plaintiff,

v.                                               6:12-CV-1701
                                                      (GTS/TWD)

SEARS ROEBUCK AND CO.,

                              Defendant.

_____

APPEARANCES:                                        OF COUNSEL:

OMAR ABRAMS
Plaintiff pro se
1011 Seymour Avenue
Utica, New York 13501

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter is before the undersigned for review of the amended complaint. (Dkt. No. 8.) For the reasons discussed below, I recommend that the Court dismiss the amended complaint without leave to amend.

**I.    ALLEGATIONS OF THE ORIGINAL COMPLAINT**

The original complaint alleged that Plaintiff was arrested on November 16, 2011.[1] (Dkt. No. 1 at 3.) At the time of his arrest, Plaintiff was employed by Defendant Sears Roebuck and Company ("Sears"). *Id.* His mugshot was posted to Facebook, a social networking website. *Id.*

---

[1] The original complaint did not specify the offense for which Plaintiff was arrested and ultimately convicted. It described the offense as "a conviction of noncriminal offense (violation)." (Dkt. No. 1 at 3.)

As a result, his work coordinator learned about Plaintiff's arrest and reported the event to Plaintiff's store manager. *Id.*

When Plaintiff arrived at work the following day he was confronted by the store manager. (Dkt. No. 1 at 3.) The store manager asked Plaintiff to explain his arrest and to produce the original police report. *Id.* Plaintiff told the store manager that the original police report was not available to the public. *Id.* On two separate occasions, Plaintiff told the store manager that he was unable to obtain the original police record. *Id.* The first was before his arraignment, while the charges were pending. *Id.* The second was after his arrest resulted in a conviction. *Id.*

Plaintiff continued to work at Sears for two months after his conviction. (Dkt. No. 1 at 3.) During that time, Plaintiff produced a receipt to verify that he paid the fine resulting from his conviction. *Id.* Plaintiff believed that his employer could legally question him regarding his arrest and had the right to terminate his employment between the time he was arrested and was convicted. *Id.* Plaintiff believed, however, that his employer could not legally terminate him after his conviction became final. *Id.* Plaintiff alleged that he was terminated two months after his conviction. *Id.*

## II. PROCEDURAL HISTORY

Plaintiff filed his original complaint in this Court on November 13, 2012. (Dkt. No. 1.) Plaintiff purported to proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5 ("Title VII"). *Id.* at 1.

On January 4, 2013, the undersigned granted Plaintiff's application to proceed *in forma pauperis*, recommended dismissing the claims against the store manager without leave to amend, and recommended dismissing the claims against Sears with leave to amend. (Dkt. No. 4.)

Regarding the store manager, the Report-Recommendation noted that individuals are not subject to liability under Title VII. *Id.* at 4. Regarding Sears, the Report-Recommendation noted that Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin but does not prohibit discrimination based on an individual's arrest or conviction history. *Id.* at 5. The Report-Recommendation noted that discrimination on the basis of criminal convictions is prohibited by New York's Human Rights Law, but that this Court lacked jurisdiction over such a claim in the absence of diversity jurisdiction or supplemental jurisdiction. *Id.* at 6. Accordingly, the undersigned recommended dismissing the claim against Sears with leave to amend.

The Court adopted the Report-Recommendation in full on February 14, 2013. (Dkt. No. 6.) Plaintiff appealed that decision to the Second Circuit. (Dkt. No. 7.) Plaintiff filed the amended complaint on March 4, 2013. (Dkt. No. 8.) The Second Circuit dismissed Plaintiff's appeal. (Dkt. No. 10.) The amended complaint is now before the Court for review.

### III. ANALYSIS

28 U.S.C. § 1915(e) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The amended complaint largely repeats the allegations of the original complaint but adds a few details. It again alleges that Sears discriminated against Plaintiff on the basis of his arrest record. (Dkt. No. 8 at 1.) Plaintiff specifies that he was charged with patronizing a prostitute and eventually convicted of disorderly conduct. *Id.* at 2. Plaintiff alleges that a coworker who

4

was arrested for larceny was terminated but eventually reinstated. *Id.* at 3. Plaintiff questions why he was not reinstated as his coworker was. *Id.* In the amended complaint, Plaintiff purports to proceed under New York law rather than Title VII. *Id.* at 1.

The amended complaint does not cure the defects of the original complaint. As the Court noted in its initial review of the original complaint, discrimination on the basis of criminal convictions is prohibited by New York's Human Rights Law. N.Y. Correct. Law § 752 (McKinney 2003). However, this Court does not have jurisdiction over claims brought under New York's Human Rights Law in the absence of diversity jurisdiction or supplemental jurisdiction. Diversity jurisdiction is proper where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. 1332 (2003). Here, the Court does not have diversity jurisdiction because Plaintiff and Sears are citizens of the same state. (Dkt. No. 8 at 1.) Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim because there is no federal claim. 28 U.S.C. § 1367(c) (2003); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (vacating dismissal of state law claims against a defendant where federal claim remained against other defendants). Therefore, this Court does not have jurisdiction over Plaintiff's state law claim and I recommend that the Court dismiss the amended complaint.

Where a pro se complaint fails to state a cause of action, the court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). Here, Plaintiff has already been given an opportunity to amend his complaint once. There is no indication that better pleading would

allow him to state a valid claim. Therefore, I recommend that the Court dismiss the amended complaint without leave to amend.

**WHEREFORE**, it is hereby

**RECOMMENDED** that the amended complaint (Dkt. No. 8) be dismissed without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 24, 2013
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge